# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NAKIA TUMBLIN**, | ) |
| | ) |
| Plaintiff, | ) **C.A. No.:** |
| | ) |
| v. | ) |
| | ) |
| **CAPITAL ONE BANK (U.S.A.), N.A.,** | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| Defendant. | ) |

## COMPLAINT

NAKIA TUMBLIN ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CAPITAL ONE BANK (U.S.A.), N.A. ("DEFENDANT"):

### INTRODUCTION

1.     Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227.

### JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises under 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3.     Defendant regularly conducts business in the Commonwealth of Pennsylvania, thus, personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.      Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

6.      Plaintiff is a natural person residing in Lancaster, Pennsylvania 17602.

7.      Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

8.      Defendant is a corporation with its principal place of business located at 1680 Capital One Drive, McLean, Virginia 22102.

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.     Plaintiff has a cellular telephone.

11.     Plaintiff has only used this phone as a cellular telephone.

12.     Beginning on April 12, 2016 and continuing thereafter, Defendant placed repeated telephone calls every other day to Plaintiff's cellular telephone.

13.     Defendant used an automatic telephone dialing system, automated message and/or prerecorded voice when contacting Plaintiff.

14.     Plaintiff knew that Defendant was using an automated telephone dialing system because the calls would begin with a pre-recorded voice or message before calls were transferred to live agents.

15.     Defendant's telephone calls were not made for "emergency purposes;" rather, Defendant was attempting to collect several credit card account balances.

16.     It was annoying and harassing for Plaintiff to be called on her cellular telephone with such frequency.

17.     Desiring to stop the repeated telephone calls, Plaintiff spoke with Defendant's representatives on May 4, 2016 to advise them that she no longer wanted to be contacted on her cellular telephone and to stop calling.

18.      This was Plaintiff's way of revoking any consent that may have been given to Defendant to contact her.

19.     Once Defendant was informed that its calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

20.     However, Defendant failed to update its records to restrict telephone calls to Plaintiff's cellular telephone.

21.     Rather, Defendant continued to call Plaintiff on her cellular telephone multiple times per day.

22.     After Plaintiff's requests to stop calling were ignored by Defendant, Plaintiff took necessary measures to block calls from Defendant's telephone number.

23.     Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

24.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

25.     Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone number.

26.     Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

27.     Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

28.     Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

29.     Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual  monetary loss

from such a violation, or to receive $500 in damages for each such violation whichever is greater."

30.   Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

31.   Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone.

32.   Defendant's calls to Plaintiff's cellular telephone after May 4, 2016 were not made with Plaintiff's prior express consent.

33.   Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

34.   The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

35.   As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, NAKIA TUMBLIN, respectfully prays for a judgment as follows:

      a.      All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

      b.      Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

      c.      Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

      d.      Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

      e.      Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, NAKIA TUMBLIN, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Dated: August 26, 2016      By: /s/ Amy Lynn Bennecoff Ginsburg
Amy Lynn Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: aginsburg@creditlaw.com
Attorney for Plaintiff